## Ex Parte M. M. Hewgley.

### No. 2158. Decided November 6, 1912.

**1.—Selling Intoxicating Liquors Without License—Forfeiture.**

Where relator had been granted license to sell intoxicating liquors in two different places, one in the city limits of San Antonio and the other outside thereof, and the license outside of the city was declared forfeited by act of the Comptroller, but nothing was said in said order of forfeiture as to the license within the city, the question of the power of the Comptroller to declare a forfeiture of the liquor license within the city by reason of the other forfeiture is not involved, and the court will not pass thereon.

**2.—Same—Case Stated.**

Where relator was prosecuted for selling intoxicating liquors without license, and the record showed that the license under which he sold such intoxicating liquors had not been declared forfeited, but that another license for selling intoxicating liquors in another place had been declared forfeited, the prosecution was unauthorized and the relator must be discharged. Prendergast, Judge, concurring conditionally.

From Bexar County.

Original habeas corpus proceedings asking release from arrest, under a prosecution charging the relator with the sale of intoxicating liquors without license, in nonprohibition territory.

The opinion states the case.

*Newton & Ward,* for relator.—On the question that statutes imposing a forfeiture must be strictly construed and in a manner favorable to the person whose property is affected: Brackenridge v. Neile,

26 Texas, **101**; Berryman v. Schumaker, 67 id., 312; Shepard v. Avery, 89 id., 309; 19 Cyc., p. 1358; Dupree v. State, 102 id., 455; Rochelle v. Lane, 148 S. W. Rep., 558.

*James D. Walthall,* Attorney-General, and *C. E. Mead,* Assistant Attorney-General, for the State.—On the question that the revocation of one license forfeits all others: Chapter 17, p. 293, Act Thirty-Second Legislature; The Frank Brewery v. State, 168 N. Y., 258; In re Lyman, 59 N. Y. App. Div., 217; Chapter 29, General Laws of New York, p. 2196; 2 Cumming and Gilbert General Laws of New York; In re Lyman, 59 N. Y. App. Div., 217.

HARPER, JUDGE.—It appears from the agreed statement of facts that relator applied for and was granted two licenses as a retail liquor dealer. One to run a retail liquor house at 4930 South Presa Street, just outside of the corporate limits of the city of San Antonio, and the other to run a retail liquor house at 216 East Houston Street within the limits of the city of San Antonio. After the issuance of said two licenses, Comptroller W. P. Lane, being informed that relator had violated the conditions of his application and bond in his place of business at 4930 South Presa Street, issued a commission to take testimony as to such violation, and after the return of the commission, with the testimony, he declared a forfeiture of relator's license at 4930 South Presa Street, but in the order of cancellation he made no mention of the license granted relator to do business at 216 Houston Street. In the agreed statement of facts it is stated:

"It is agreed that the sole question to be determined in this suit is the proposition as to whether or not the forfeiture of the license at No. 4930 South Presa Street, ipso facto, worked a forfeiture of the license at No. 216 East Houston Street; if the forfeiture of the license at No. 4930 South Presa Street, in law, worked a forfeiture of the license at No. 216 East Houston Street, then the said M. M. Hewgley should be remanded to the custody of the sheriff of Bexar County; but if the license at No. 216 East Houston Street was not forfeited by reason of the forfeiture of the license at No. 4930 South Presa Street, then the said M. M. Hewgley is entitled to be discharged by the court."

Thus by agreement all questions in the case as to the legality or regularity of the proceedings are waived, and the sole question to be determined is, did the forfeiture of the South Presa Street license by the Comptroller, work a forfeiture of the license at East Houston Street? The Comptroller in his order cancelling the South Presa Street license did not attempt to, nor does he declare forfeited the license of the East Houston Street license; consequently his authority to have so declared and forfeited this license is not a question in the case. Had the Comptroller in the order cancelling the South Presa Street license, also declared cancelled the license at East Houston Street, we would have an entirely different question presented, and we

would then look to the law to see if he had authority to so declare. But in this case we have a man prosecuted for selling liquor and conducting a business at East Houston Street under a license duly issued, and which has never been cancelled by order of any officer authorized to declare forfeitures, and yet is prosecuted for selling without a license; so the sole question is, did the forfeiture of the South Presa Street license work a forfeiture of the East Houston Street license without any official, authorized to declare forfeitures, pronouncing a forfeiture of the East Houston Street license? We have searched the law and fail to find where a license becomes forfeited except in three instances, one when the county judge investigates and declares a forfeiture; another, when the Comptroller investigates and declares a forfeiture; the third, is when a dealer is tried for a violation of the law, is convicted and the court in the judgment enters a decree of forfeiture. And the law further provides that forfeitures of the county judge and the courts shall be reported to the Comptroller, and he shall record them in a book, together with the forfeitures declared by himself, and no man whose license has been forfeited shall be granted another license for five years. The policy of the law is made plain, and that is, no man who does not obey the laws regulating the liquor business shall be permitted to sell liquors in this State, and this policy would seem to indicate that the Comptroller would have the right to declare forfeited all license held by an individual who should be shown to have violated the laws regulating the business, whether the violations took place in any one or all of the places licensed. But as before stated, the question of the right of the Comptroller to declare a forfeiture is not before us, because the record shows that neither he, nor any other person authorized by law so to do, has declared forfeited the license at 216 East Houston Street; therefore, this question is not before us for our decision.

The record before us, under the agreed statement of facts, demonstrating that the Comptroller, or any officer authorized so to do, has not declared forfeited the license at 216 East Houston Street, we hold that relator can not be prosecuted for selling at such place, until and after a forfeiture has been declared of the license issued to transact business at said place, and he notified, as provided by law, that such license has been forfeited.

The complaint in this case charges an offense against the law, that relator sold intoxicating liquor at 216 East Houston Street in San Antonio, without first having obtained license. But the agreed statement shows that relator did apply for and was granted a license to sell intoxicating liquor at said place, and further shows that neither the Comptroller, nor any other person, has declared a forfeiture of the license of relator to sell at 216 East Houston Street. If relator violated the law, this unlawful act does not of itself work a forfeiture of the license under the provisions of the law in question. It takes an act or declaration of the Comptroller or county judge to work the

forfeiture, and a notification to relator.  When he receives notice of such action on the part of the officers of the State, if he deem their action unwarranted, he has his remedy, bring suit in the District Court to set aside the forfeiture.  But until a forfeiture is declared, and he notified, his right to bring this action in the District Court does not arise.  If relator, when his license at South Presa Street was declared forfeited, had also closed his doors at East Houston Street, and brought suit to set aside a forfeiture of this latter license, the Comptroller, if he should so elect, could answer he had declared no forfeiture of this license, and his order and notice would support this contention.  As hereinbefore stated, if the Comptroller, in declaring the license at South Presa Street forfeited, had also declared all license held by relator forfeited, a different question would be presented, but inasmuch as he elected to declare a forfeiture of the South Presa street license alone, and did not attempt in his order to affect the East Houston Street license, we hold that relator's right to continue in business under the East Houston Street license is not forfeited until some officer of the government authorized so to do has declared a forfeiture thereof, and notified him of such action.  Under this view, it is not necessary to discuss the other questions raised.

As the agreed statement of facts admits that relator has a license to sell at the place designated which has never been declared forfeited by any officer or tribunal, it follows he is entitled to be discharged.

Relator discharged.

*Relator discharged.*

PRENDERGAST, Judge.—I concur in the disposition of this case, but base my concurrence solely on the fact that by the statement of facts herein it is expressly agreed:  (6) "That both of said licenses were valid liquor licenses and authorized the said M. M. Hewgley to conduct the business of a retail liquor dealer at each of said places for the period of one year from the date of said licenses; that said Hewgley was qualified under the law to conduct the business of a retail liquor dealer at said places and to receive said licenses to him authorizing him so to do," and (12) "It is furthermore agreed that this cause shall be determined upon the above and foregoing facts, which are admitted to be true."  I think relator should not be subject to punishment under such agreed statement of facts, even though more than one license could not be legally issued to him, and even though the forfeiture of one should *ipso facto* be held to forfeit the other, especially when no mention was in any way made of the other license, and no forfeiture was in any way expressly declared of the other.